UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHAMONE EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:14-CV-1866 JD |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Shamone Evans, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (NCN 14-05-033) that was held at the New Castle Correctional Facility on May 28, 2014, where the Disciplinary Hearing Officer (DHO) found him guilty of Possessing a Deadly Weapon in violation of A-106. As a result, he lost 365 days earned credit time and was demoted to credit class 3. In his petition, Evans raises four grounds. The respondent argues that they are all unexhausted because Evans did not appeal. Evans argues that he did appeal. Alternatively, the respondent argues that the claims raised by Evans are meritless. Pursuant to 28 U.S.C. § 2254(b)(2), habeas relief can be denied on the merits even when the petitioner did not exhaust his State remedies. Because this petition can be denied on the merits, it is unnecessary to resolve whether Evans did (or did not) appeal.

The Conduct Report explains the facts of this case. "On above date and appx. time I Ofc. Baugh was conducting a strip search of Offender Evans, S (DOC #192909). While conducting a strip search, I Ofc. Baugh ordered Offender Evans (DOC #192909) to remove his boxers and hand them to myself. When Offender Evans removed his boxer a folding pocket knife fell from his person." DE 1-1 at 1 and DE 6-1 at 1-2.

In Ground One, Evans argues that he was denied exculpatory evidence. Before the hearing, he requested videotape to show that there were multiple offenders with access to the shower. DE 6-2 at 1. He argues that, "[t]he DHO failed to review the videotape which would have shown that those officers whom had conducted the shakedowns failed to search the actual shower area after each offender had left." DE 1 at 5. An inmate has a right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, refusing to watch this videotape did not deny Evans due process because it was not exculpatory. Undoubtedly other inmates had used the shower before him, but that is irrelevant. A guard stated that he saw Evans drop a knife in the shower during a strip search. Video of the search itself could have proven whether Evans did (or did not) drop a knife. However if the search was recorded (which seems unlikely), it is clear that Evans did not request that video. Nor is he arguing that video exists showing the knife on the floor of the shower before he entered the room - that too would be exculpatory evidence. Rather Evans only requested video showing that the guard did not search the shower after other inmates left the shower. Such a video would not contradict the officer's eye witness testimony and it would not have been exculpatory. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Evans argues that the Hearing Report does not contain an adequate explanation for why he was found guilty. He argues that there is no explanation for how the photo of the knife was taken[1] nor what was done with the knife itself.[2] Though these omissions may have violated prison policy, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

---

[1] The photo of the knife also includes Evans' prisoner ID badge. DE 6-3 at 3.
[2] The evidence record shows what was done with the knife. DE 6-3 at 4.

Hearing reports must contain a written explanation for why the inmate was found guilty, but the constitutional requirements are "not onerous" and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here the report explains "Based on the Conduct Report and photos." DE 6-3 at 1. This is an adequate explanation and Ground Two is not a basis for habeas corpus relief.

In Ground Three, Evans argues that there was insufficient evidence to have found him guilty. In prison disciplinary cases, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. In the conduct report, Officer Baugh states that he saw Evans drop a knife while searching him. That is sufficient evidence to support the finding of guilt in this case. Ground Three is not a basis for habeas corpus relief.

In Ground Four, Evans argues that his hearing officer was biased because the video was not reviewed and the Conduct Report does not explain how photos were taken or what was done with the knife.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, there is no indication that the DHO was a witness to the event or involved in its investigation. Neither was it a due process violation for the DHO to have refused to watch the video, explain the origin of the photos, or explain the disposition of the knife. Ground Four is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: March 3, 2016

_____ /s/ JON E. DEGUILIO _____
Judge
United States District Court